**ZENO B. BAUCUS**
**BRYAN T. DAKE**
**Assistant U.S. Attorneys**
**U.S. Attorney's Office**
**2601 Second Ave North**
**P.O. Box 3200**
**Billings, Montana 59101**
**Phone: (406) 657-6101**
**FAX: (406) 657-6989**
**Email: Zeno.Baucus@usdoj.gov**
**          Bryan.Dake@usdoj.gov**

**ATTORNEYS FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**ANGELO COREY STACKHOUSE,**<br><br>**Defendant.** | **CR 21-35-BLG-SPW**<br><br>**UNITED STATES' NOTICE OF INTENT TO ADMIT EVIDENCE OF OTHER CRIMES, WRONGS, OR ACTS BY THE DEFENDANT** |

COMES NOW, Zeno B. Baucus and Bryan T. Dake, Assistant U.S.

Attorneys for the District of Montana, that pursuant to Federal Rules of Evidence

413 and 404(b), the United States provides notice of its intent to introduce other

acts evidence at the trial herein.[1]

# INTRODUCTION

## A. Charges and Procedural Posture

On May 20, 2021, Defendant Angelo Stackhouse was indicted by a Grand Jury with Transportation of a Person with Intent to Engage in Illegal Sexual Activity, in violation of 18 U.S.C. § 2421(a), Distribution of Cocaine to a Person under the Age of 21, in violation of 21 U.S.C. §§ 841(a)(1) and 859, Distribution of Cocaine and Methamphetamine, in violation of 21 U.S.C. § 841(a)(1), Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. § 841(a)(1), and Possession of a Firearm in Furtherance of a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).

On November 18, 2021, the Grand Jury handed down the Superseding Indictment.  The Superseding Indictment added a charge of Kidnapping, in violation of 18 U.S.C. §§ 1152, 1201(a)(1), 1201(a)(2), 1201(g), and 3559(f)(2). Then, on February 17, 2022, the Grand Jury returned a Second Superseding Indictment, adding an additional charge of Kidnapping.   This is the operative charging document for trial.  All told, the events alleged in the Second Superseding

---

[1] All discovery in the Unites States' possession relating to the noticed evidence described in this filing has been produced to Stackhouse.

Indictment involve conduct that spans from approximately February 2020 through April 2021.  Trial is currently scheduled for June 13, 2022.

### B. Proffered Evidence Subject to this Notice

Through this submission, the United States provides the Court and Stackhouse of its intent to offer the following evidence during its case-in-chief:[2]

1. Jane Doe 5[3] is expected to testify that she was in a romantic relationship with Stackhouse from approximately 2019-2020. The relationship was turbulent, and in December 2019, Stackhouse attacked her.  During a separate assault by Stackhouse, Jane Doe 5 recorded her injuries, which she later showed to law enforcement.  On March 24, 2020, law enforcement responded to the scene for a call of assault involving Stackhouse and Jane Doe 5.  During this incident Stackhouse choked and bit Jane Doe 5 following a comment made by her to him.  Law enforcement observed what appeared to be a fresh bite mark on her.  Law enforcement is expected to testify that Stackhouse was not cooperative with them, and despite their instructions, Stackhouse fled the scene in a

---

[2] The United States reserves the right to argue that much of the evidence described herein is also inextricably intertwined.

[3] Should the Court so choose in advance of trial, the United States is willing to provide to the Court a list of the Jane Does and their corresponding names.  This list will be produced to counsel for Stackhouse contemporaneous with this Notice.

dark colored SUV.

2. Jane Doe 6 interacted with Stackhouse on at least two occasions.  She is expected to testify that on the first occasion, which occurred in approximately the summer of 2020, she indirectly received methamphetamine from Stackhouse at a motel room in Billings.  The next thing she remembers is Stackhouse sexually assaulting her in a separate room in the same motel.  Jane Doe 6 is also expected to offer that around that same general period, she accompanied a male friend of hers who confronted Stackhouse, during which Stackhouse displayed a firearm.

3. Jane Doe 7 is expected to testify that Stackhouse sexually assaulted her in roughly May 2020 in Billings.  Jane Doe 7 received a Sexual Assault Nurse Examination following this interaction.

4. In June 2020, Stackhouse was staying at the Clocktower Inn with an adult female.  After a disturbance, law enforcement was called to the motel and discovered inside a purse in the room drug paraphernalia and two firearms.

## C. Summary of Legal Authority

### a. Federal Rule of Evidence 413

Congress enacted Federal Rules of Evidence 413–415 as part of the Violent Crime Control and Law Enforcement Act of 1994. Pub. L. No. 103-322, 108 Stat. 1796 (1994). These Rules are designed to "supersede in sex offense cases the restrictive aspects of Federal Rule of Evidence 404(b)" and to create a presumption that "evidence admissible pursuant to the proposed rules is typically relevant and probative, and that its probative value is normally not outweighed by any risk of prejudice or other adverse effects." 140 Cong. Rec. H8991-92 (1994) (remarks of principal House sponsor, Rep. Molinari); *see also* 140 Cong. Rec. S12990; David J. Karp, *Evidence of Propensity and Probability in Sex Offense Cases and Other Cases*, 70 Chi.-Kent. L. Rev. 15, 19 (1994).[4]  The legislative sponsors of Rules 413-415 further noted that:

> The reform effected by these rules is critical to the protection of the public. . . [a]nd is justified by the distinctive characteristics of the cases to which it applies. In child molestation cases, for example, a history of similar acts tends to be exceptionally probative because it shows an unusual disposition of the defendant—a sexual or sado-sexual interest in children—that simply does not exist in ordinary people.

---

[4] The principal sponsors of Rules 413-415 noted that an address delivered to the Evidence Section of the Association of American Law Schools by David J. Karp—then Senior Counsel at the Office of Policy Development at the Department of Justice and the drafter of Rules 413-415—was to serve as an "authoritative" part of the Rules' legislative history.  *See* 140 Cong. Rec. 23,602 (1994); *Johnson*, 283 F.3d at 153-56.

   This legislation was initially proposed in February 1991 in the Women's Equal Opportunity Act and subsequently reintroduced in the Sexual Assault Prevention Act bills of the 102d and 103d Congress.  *See* 137 Cong. Rec. S3212, 3238-42 (1991) (bill text and original Senate sponsors' statement).

Moreover, such cases require reliance on child victims whose credibility can readily be attacked in the absence of substantial corroboration. In such cases, ***there is a compelling public interest in admitting all significant evidence that will shed some light on the credibility of the charge and any denial by the defense***.

Similarly, sexual assault cases, where adults are the victims, often turn on difficult credibility determinations . . . Knowledge that the defendant has committed rapes on other occasions is frequently critical in assessing the relative plausibility of these claims and accurately deciding cases that would otherwise become unresolvable swearing matches. The underlying legislative judgment is that the evidence admissible pursuant to [Rules 413–415] is typically relevant and probative, and that its probative value is normally not outweighed by any risk of prejudice or other adverse effects.

*Id.* (emphasis added)

In a criminal case, the admissibility of evidence of a prior sexual assault offense is governed by Federal Rule of Evidence 413. It provides, in part:

(a)  In a criminal case in which the defendant is accused of an offense of sexual assault, evidence of the defendant's commission of another offense or offenses of sexual assault is admissible, and may be considered for its bearing on any matter to which it is relevant.

(d) For purposes of this rule and Rule 415, "offense of sexual assault" means a crime under Federal law or the law of a State (as defined in section 513 of Title 18, United States Code) that involved--

> (1) any conduct proscribed by chapter 109A of Title 18, United States Code;

> (2) contact, without consent, between any part of the defendant's body or an object and the genitals or anus of another person

> (3) contact, without consent between the genitals or anus of the defendant and any part of another person's body;

> (4) deriving sexual pleasure or gratification from the infliction of death, bodily injury, or physical pain on another person; or

> (5) an attempt or conspiracy to engage in conduct described in paragraphs (1)-(5).

Fed. R. Evid. 413.

The Ninth Circuit has repeatedly affirmed that evidence admitted under Rules 413 and 414 may be considered by the jury for any relevant purpose, including proof that a defendant has sexually predatory propensities. *See United States v. Redlightning*, 624 F.3d 1090, 1119 (9th Cir. 2010) ("Under Rule 413, the Government may admit 'evidence of the defendant's commission of another offense

7

or offenses of sexual assault.'   Evidence that tends to show that [defendant] committed another sexual assault . . . was admissible under Rule 413 because it tends to show that [he] had the propensity to commit another sexual assault, namely, the [later] offense."); *see also United States v. LeMay*, 260 F.3d 1018, 1028 (9th Cir. 2001) (upholding admission of evidence of defendant's prior acts of molestation and conviction for child molestation 11 years before the charged conduct because such Rule 414 evidence serves to "corroborate testimony of the victims," and is "exactly the sort of use of prior acts evidence that Congress had in mind when enacting Rule 414." (citing 140 Cong. Rec. H899192 (1994)); *United States v. Sioux*, 362 F.3d 1241, 1244 (9th Cir. 2004) (recognizing that these rules supersede the general bar of Rule 404(b) against the admission of propensity evidence, noting that the rules "establish [ ] a presumption, but not a 'blank check,' favoring the admission of propensity evidence at both civil and criminal trials involving charges of sexual misconduct," and finding in a child molestation case that district court properly admitted evidence of defendant's prior sexual assault of a child); *Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1268 (9th Cir. 2000) ("Rules 413, 414, and 415 are based on the proposition 'that a defendant with a propensity to commit acts [of sexual assault and child molestation] similar to those charged is more likely to have committed the charged act than another and therefore such evidence is relevant.'").

District courts undertake a three-part inquiry in determining whether to admit

evidence under Rule 413: (1) whether the defendant is accused of an offense of sexual assault; (2) whether the proffered evidence is proof of another sexual assault committed by the defendant; and, (3) whether the proffered evidence is relevant. *Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1268 (9th Cir. 2000) (addressing Rule 413's sister rule, Fed. R. Evid. 414); *United States v. Benally*, 500 F.3d 1085, 1090 (10th Cir. 2007); *Sioux*, 362 F.3d at 1244 ("Due to the striking similarities between these rules and the fact that they are *in pari materia*, we have followed decisions interpreting each of these rules individually in cases interpreting their companions."). Here, the evidence amply satisfies each prong with respect to Fed. R. Evid. 413.

### i. Stackhouse is Charged with Sexual Assault Offenses

Stackhouse is charged with three sexual assault offenses; Transportation of a Person with Intent to Engage in Illegal Sexual Conduct and two counts of Kidnapping, in violation of 18 U.S.C. §§ 2421(a) and 1201.

Rule 413 defines an "offense of sexual assault" in several ways. First, a sexual assault offense is defined as any crime under federal law or state law involving "any conduct prohibited by chapter 109A of title 18, United States Code." In addition, Rule 413 also defines an "offense of sexual assault" as "contact, without consent, between the defendant's genitals or anus and any part of another person's body." Fed. R. Evid. 413(d)(3). Here, the crime of transportation of a person incorporates

by reference other criminal laws into the *mens rea* of the crime.  Specifically, to establish this charge, the United States must prove that Stackhouse transported Jane Doe 1 "with the intent that any person be charged in illegal sexual activity…"  18 U.S.C. § 2421(a) (emphasis added); *see also United States v. Adleta*, 2013 WL 4734824 (M.D. Fla., Sept. 3, 2013) (unpublished opinion cited for purpose of illustrating how other district courts have analyzed 18 U.S.C. § 2423(a) in relation to Rules 413 and 414). Thus, by definition, the underlying sexual activity that the defendant intends to engage in must be "illegal sexual conduct" within the meaning of the statute.

This conclusion is supported by other courts that have concluded that a charge pursuant to Count I's sister statute 18 U.S.C. § 2423 or like offenses under the Mann Act are "sexual offenses" within the meaning of Rules 413 and 414.  For example, in *United States v. Batton*, the Tenth Circuit held that transportation of a minor for illegal sexual purposes under Section 2423(a) is a "sexual assault offense" under Rule 414. 602 F.3d 1191, 1197-98 (10th Cir. 2010). The Batton Court expressly rejected the defendant's argument that a transportation charge is not a crime of "sexual assault." *Id*.  Other courts have also reached the same conclusion related to the same or similar offenses under the Mann Act.  *See e.g., United States v. Kelly*, 510 F.3d 533, 436-37 (4th Cir. 2007) (apply Rule 413 in case involving a charge of traveling in interstate commerce for purpose of engaging in elicit sexual conduct

pursuant to 18 U.S.C. § 2423(b)); *United States v. Hitt*, 473 F.3d 146, 159 (5th Cir. 2006) (concluding charges pursuant to 18 U.S.C. §§ 2422 and 2423 were "sexual assault offenses" within meaning of rule); *United States v. Shaffer*, 2014 WL 1515799 (E.D.N.Y. April 18, 2014) (unpublished decision) (finding online enticement charged pursuant 18 U.S.C. § 2422(b) a "sexual assault" offense within rule); *United States v. Sims*, 161 Fed. Appx. 2006 WL 14581 (11th Cir. 2006) (unpublished decision) (affirming use of prior sexual assault evidence in case involving Mann Act and kidnapping charges); *United States v. Adleta*, 2013 WL 4734824 (M.D. Fla. Sept. 3, 2013) (unpublished opinion) (charge under Section 2423(a) deemed a "sexual assault" offense under Rule 413).

In this instance, the United States intends to prove the *mens rea* with respect to Count I by presenting evidence that Stackhouse sexually assaulted the victim, Jane Doe 1 by: (1) penetrating her vagina with his penis without consent; (2) penetrating her anus with his penis without consent; and (3) forcing her to engage in the sexual gratification of others without her consent. Under federal law, these acts would constitute sexual abuse pursuant to 18 U.S.C. § 2242. In addition, under Colorado law – the location of the sexual assaults with respect to Count I - each of these acts constitutes "sexual assault" in violation of Col. Revised Statute § 18-3-402.

The same logic applies with respect to Counts VI and VII, Kidnapping in violation of 18 U.S.C. § 1201. For purposes of Fed. R. Evid. 413, "[a] relevant

sexual assault is one committed in a manner similar to the charged offense." *United States v. Rodriguez*, 581 F.3d 775, 796 (8th Cir. 2009) (citing *United States v. Crawford*, 413 F.3d 873, 875-75 (8th Cir. 205)).  In *United States v. Abrams*, 761 Fed. Appx. 670, 675-76 (9th Cir. 2019), the Circuit affirmed a defendant's challenge to Judge Du's admission of prior crimes committed by the defendant in a trial involving kidnapping and transportation of a minor for illegal sexual purposes. While the defendant did not challenge whether the federal crime of kidnapping qualified as a "sexual assault" offense under Fed. R. Evid. 413, the case is noteworthy for two points.  First, it was assumed that kidnapping in that case did qualify as a "sexual assault" offense, and second, the Circuit noted Judge Du's analysis of "the similarity factor" pursuant to *United States v. LeMay*, 260 F.3d 1018 (9th Cir. 2001).  *Abrams*, 761 Fed. Appx. At 676.  That is because the very language of Fed. R Evid. 413(d)'s definition of applicable "sexual assault" offenses are those "*involving*" non-consensual sexual conduct that would be a crime under Federal or State law. (Emphasis added).  *See United States v. Vafeades*, 2015 WL 9273936,  7 (D. Utah. Dec. 18, 2015) (admitting prior acts under Fed. R. Evid. 413 for defendant charged with, among other offenses, kidnapping, and noting that where the current offense "involve[]" a sexual assault is the relevant inquiry).  Here, Stackhouse is charged in Counts VI and VII with kidnapping Jane Does 3 and 4 for "ransom, rewards, and otherwise…"  *See* Second Superseding Indictment. As the Court is

aware, the United States intends to show at trial that Stackhouse kidnapped Jane Doe 3 for the purpose of sexually assaulting her, which he did. *See* Doc. 85, pp. 4-5 (Government's December 17, 2021, Offer of Proof). The United States proffers that Stackhouse's conduct with respect to Count VII, the kidnapping of Jane Doe 4, is close to a mirror image of Count VI in that Stackhouse took Jane Doe 4, a minor, to sexually assault her. Both counts "involved" a sexual assault that would be a crime under Montana State law. *See* Sexual Intercourse without Consent, in violation of Mont. Code Ann. § 45-5-503 or Sexual Abuse of Children, in violation of Mont. Code Ann. § 45-5-605  A such, there is no doubt that the offense of kidnapping here involved a sexual assault.[5]

### i. Two of the Four Items of Proffered Evidence were also Sexual Assault Offenses

Two of the four pieces of evidence noticed above relate to Stackhouse's sexual activity with victims without their consent. Jane Does 6 and 7 are expected to testify as to being sexually assaulted by Stackhouse. *See* B.2 and B.3. This sexual activity included the penetration of each victim's vagina and/or anus. This conduct would be prohibited by 18 U.S.C. § 2242 and would thus have been deemed a "sexual

---

[5] Strikingly, so too goes the offense reflected in Count V, Possession of a Firearm in Furtherance of a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). The United States intends to show that Stackhouse, in brandishing a firearm to a victim over a drug debt, told Jane Doe 2 to undress and began to sexually assault her.

assault offense" if the activities had occurred on federal land.   Moreover, such conduct would also qualify as a criminal offense under Montana criminal law.  *See* Mont. Code. Ann.  45-5-503.   In short, they constitute "sexual assault" offenses under Fed. R. Evid. 413.

### ii.   Stackhouse's Prior Sexual Assault Offenses are Relevant

The Ninth Circuit has recognized that prior sexual assaults and child molestation evidence is "indisputably relevant" in sexual assault and child molestation cases.  *LeMay*, 260 F.3d at 1026.  "The intent with which a person commits an act on a given occasion can many times best be proven by testimony or evidence of his prior acts."  *United States v. Hill*, 249 F.3d 707, 713 (8th Cir. 2001) (quotation omitted).  Specifically, in the area of sexual assaults, Congress has made a policy decision that such crimes have "distinctive characteristics" and that prior act evidence will be "exceptionally probative" of a defendant's sexual state of mind (i.e., defendant's intent).  *United States v. Withorn*, 204 F.3d 790, 794 (8th Cir. 2000).  In short, in addressing the third factor, federal courts recognize that Congress has expressed a "strong legislative judgment that evidence of prior sexual offenses should be admissible."  *Gabe*, 237 F.3d at 959; *United States v. Larson*, 112 F.3d 600, 604 (2nd Cir. 1997); *United States v. LeCompte*, 131 F.3d 767, 769 (8th Cir. 1997).

In weighing the quantity of proof necessary to establish relevance, the trial court need only make a preliminary finding "that a jury could reasonably find by a preponderance of the evidence that the prior sexual act occurred." *United States v. Mann*, 193 F.3d 1172, 1174 (10th Cir. 1999). This standard is consistent with the Supreme Court's analysis in *Huddleston v. United States*, 485 U.S. 681 (1988), which established a minimal standard for admitting other prior acts evidence. Although evidence of a prior child molestation or sexual assault may take the form of an earlier conviction, the Ninth Circuit has rejected attempts by defendants to limit the prosecution's proof to the records establishing the conviction: "the relevance of the prior act evidence [is] in the details." *LeMay*, 260 F.3d at 1029. Uncharged prior sexual offense evidence is admissible. *Id*.; *see also Mann*, 193 F.3d at 1174. Thus, these prior offenses can be proven in a number of different ways including the testimony of the prior victim or a defendant's own admissions. *Redlightning*, 624 F3d at 120.

The evidence regarding Stackhouse's prior sexual assaults is highly relevant to his propensity to commit the charged offenses as well as to directly rebut any attempts by Stackhouse to claim that he lacked the requisite intent to kidnap Jane Does 3 or 4. First, this evidence tends to show that Stackhouse has engaged in sexual assault of other women in the past. Specifically, this evidence establishes his propensity to engage in illegal sexual conduct with Jane Does 1, 3 and 4, that he has

ignored the illegality of engaging in sexual acts without the consent of the other

person in the past, and that he can and will use violence and threats, if necessary.

b.        **Federal Rule of Evidence 404(b)**

The United States also provides notice that it also intends to introduce the

evidence addressed in Section B above pursuant to Fed. R. Evid. 404(b).[6]

"Evidence of prior crimes and bad acts can be admitted under Fed. R. Evid. 404(b)

if it is to show motive, opportunity, intent, preparation, plan, knowledge, identity

or absence of mistake and not to show bad character."  *United States v. Houser*,

929 F.2d 1369,1373 (9th Cir. 1990) *abrogation on other grounds recognized by*

*United States v. Serrano*, 313 F. App'x 10 (9th Cir. 2008) (*citing Buford v. United*

*States*, 532 U.S. 59, 64–66 (2001)).  The Ninth Circuit has repeatedly held that

Rule 404(b) is a "rule of inclusion which admits evidence of other crimes or acts

relevant to issue at trial, except where it tends to prove *only* criminal disposition."

*United States v. Ayers*, 924 F.2d 1468, 1472-73 (9th Cir. 1991) (emphasis in

original) (citations omitted); *United States v. Bradshaw*, 690 F.2d 704, 708 (9th

---

[6] Thus, the United States contends that should the Court not admit the evidence reflected in Section B. 2 and 3 under Fed. R. Evid. 413, it is admissible pursuant to 404(b).  Of note, the evidence reflected Section B.1 and B.4 does not qualify under Fed. R. Evid. 413 and is being admitted pursuant to 404(b) only or, in the alternative, as inextricably intertwined evidence.

Cir. 1982), *cert. denied*, 463 U.S. 1210 (1983).

Evidence of other crimes or bad acts are admissible whenever relevant to an issue other than a defendant's criminal propensity, such as intent or knowledge, and the potential for unfair prejudice is outweighed by the probative value of the evidence. *See Ayers*, 924 F.2d at 1473, *United States v. Bowman*, 720 F.2d 1103, 1105 (9th Cir. 1983); *United States v. Sigal*, 572 F.2d 1320, 1323 (9th Cir. 1978); *United States v. Espinoza*, 578 F.2d 224, 227 (9th Cir. 1978), *cert. denied*, 439 U.S. 849 (1978). Indeed, the rule is a "broad avenue through which many acts of prior and subsequent misconduct by those criminally accused may be admitted into evidence." *United States v. Rocha*, 553 F.2d 615, 616 (9th Cir. 1977); *United States v. Riggins*, 539 F.2d 682 (9th Cir. 1976), *cert. denied*, 429 U.S. 1045 (1977).

"The threshold inquiry the court must make before admitting similar acts evidence under Rule 404(b) is whether that evidence is probative of the material issue other than character." *Huddleston v. United States*, 485 U.S. 681, 686 (1988). Evidence is admissible under Rule 404(b) if (1) the evidence tends to prove the material point; (2) the prior acts are not too remote in time; (3) the evidence is sufficient to support a finding that the Defendant committed the other act; and (4) (in cases where knowledge and intent are at issue) the act is similar to the offense charged. *United States v. Mayans*, 17 F.3d 1174, 1181 (9th Cir. 1994). "Other act" evidence which meets those four criteria may be admitted and the

17

district court need not make a preliminary finding "that the Government has proved the act by a preponderance of the evidence." *Huddleston* at 689. Here, the evidence referenced above qualifies for admission.

### 1. The Non-Propensity Purpose of the Evidence

Stackhouse's knowing state of mind and intent will be the issues at trial. As it relates to Counts I, VI, and VII, the United States will be required to prove beyond a reasonable doubt that Stackhouse knowingly transported a person in interstate commerce "with the intent" that a person be charged with illegal sexual activity (Count I) and that he knowingly kidnapped Jane Does 3 and 4 for the purpose of sexually assaulting them. Evidence of crimes and other acts is admissible to prove those essential elements. The proposed 404(b) evidence is highly probative of both his intent and his knowledge in this case. It should be deemed admissible under Rule 404(b). *United States v. Nelson*, 137 F.3d 1094, 1106 (9th Cir. 1998) *citing Mayans*, 17 F.3d at 1182 (holding that knowledge and intent were material issues simply because the government had to prove them, and this burden of proof was unaffected by the defendant's choice of defense); *United States v. Curtin*, 489 F.3d 935, 953 (9th Cir. 2007) ("The precedents discussing the use of other act evidence to establish criminal intent where intent is denied are seemingly endless."). Indeed, in *United States v. Hadley*, 918 F.2d 848, 851 (9th Cir. 1990), for example, the Ninth Circuit

upheld the admission under Rule 404(b) of defendant's prior acts of sexual abuse and stated that "the evidence helped to demonstrate specific intent, the proof of which was required in all three counts."  Here, Stackhouse's prior conduct with respect to women, including but not limited to illegal sexual conduct, is directly relevant as to his motive, intent, modus operandi, and lack of mistake to most of the charged counts.

### 2.  The Other Acts Evidence is Sufficiently Similar and Close in Time to the Charged Conduct

The amount of time that must pass before an act is considered remote varies with each case and depends on the theory of admissibility and the similarity between the prior acts and the current offense.  *United States v. Spillone*, 879 F.2d 514, 519 (9th Cir. 1989), cert. denied, 498 U.S. 864 (1990) and cert. denied, 498 U.S. 878 (1990).  Prior bad acts over ten years old are not too remote to prove intent where those acts were very similar to the offense conduct.  *See Spillone*, 879 F.2d at 519; *United States v. Ross*, 886 F.2d 264, 267 (9th Cir. 1989).

Here, the critical difference that cuts in favor of nearly all of the evidence's admission is that it occurred during the same period as the charged conduct.  The Second Superseding Indictment charges conduct spanning from roughly February 2020 until April 2021.  With the exception of a limited subset of some of the

evidence proffered in Section B.I, all of the noticed evidence occurred during this date range.  Thus, when it occurred is of no import.

Additionally, the proffered evidence is sufficiently similar to the charged offenses.  As argued above with respect to Fed. R. Evid. 413, Stackhouse is charged with no less than four federal offenses in which the United States will show that he sexually assaulted both juvenile and adult female victims.  *See* Second Superseding Indictment, Counts I; V-VII.  This is sufficiently similar to the evidence contained in Sections B.I-III in which Stackhouse assaulted different females.  So too is the evidence proffered in Section B.IV.  The fact that Stackhouse was staying in a motel room in which two firearms and drug paraphernalia was discovered is similar to a person who has been charged with distribution of cocaine, and possession with intent to distribute cocaine, along with possessing a firearm in furtherance of those crimes.  *See Id*. (Counts II-V).

### 3. The Evidence is Sufficient to Find that Stackhouse Committed a Similar Act.

The only preliminary finding that the trial court need make is that a jury could reasonably conclude that "the act occurred and that the defendant was the actor." *Huddleston*, 485 U.S. at 689.  As it relates to the other noticed evidence, the individual victims and witnesses cited above are expected to testify as to their

interactions and relations with Stackhouse.  Such evidence is sufficient to satisfy the reliability threshold for the admission of 404(b) evidence.  *See Johnson*, 132 F.3d at 1283 ("[The] reliability threshold is not a high one, and the testimony of a single witness can be sufficient."); *Hinton*, 31 F.3d at 823 ("we are not persuaded that where [a] witness testifies as to the defendant's prior bad acts, the jury must be presented with evidence corroborating the witness' testimony. . .") (citation omitted). This factor supports admissibility.

### 4.  The Danger of Unfair Prejudice Does Not Substantially Outweigh the Probative Value of the Evidence

The probative value of the Rule 404(b) evidence in this case is very high.  It is the government's burden to prove the essential elements of the crime beyond a reasonable doubt.  In this case, that includes not only general knowledge, but it also includes specific intent to do certain acts.  As the Supreme Court stated, the jury will be required to get into the Defendant's head and "the only means of ascertaining that mental state is by drawing inferences from conduct." *Huddleston*, 485 U.S. at 685.

When speaking to law enforcement in May 2021 and at his December 21, 2021, change of plea hearing, Stackhouse provided multiple statements concerning Count VI, in particular.   On every occasion he denied that it was his intent to collect Jane Doe 3 for any untoward purpose. There is little doubt that Stackhouse will

maintain this position with respect to Jane Doe 3 or the allegations involving the other Jane Does at trial. His mental state will be an issue for the finder of fact.

Furthermore, any potential prejudice to Stackhouse can be negated by the inclusion of a limiting instruction advising that this evidence is being admitted for the purpose of establishing his intent, knowledge, plan, lack of mistake, identity and modus operandi. *See e.g., United States v. Nadler*, 698 F.2d 995, 1000 (9th Cir. 1983); *Bradshaw*, 690 F.2d at 709-10; *United States v. Potter*, 616 F.2d 384, 389-90 (9th Cir. 1979) cert. denied, 449 U.S. 832 (1980). *See also United States v. Rubio-Villareal*, 927 F.2d 1495, 1503 (9th Cir. 1991) (agreeing with the government that "since the need for the [prior act] evidence was high... and the judge gave a careful limiting instruction… The balancing required by rule 403 weighed in favor of the admission of the evidence"). Given that the parties consented to a bench trial, however, the Court is in the best position to appropriately account for this evidence when ultimately ruling on Stackhouse's guilt. Docs. 110;113. The safeguards of a bench trial, in fact, further supports the admissibility of this Rule 404(b) evidence.

## CONCLUSION

For the foregoing reasons, the government provides notice of its intent to introduce evidence of Stackhouse's prior acts identified above in its case-in-chief under Fed. R. Evid. 404(b) and/or 413.

22

DATED this 22nd day of April, 2022.

LEIF JOHNSON
United States Attorney

*/s/ Zeno B. Baucus*
ZENO B. BAUCUS
Assistant U.S. Attorney
BRYAN T. DAKE
Assistant U.S. Attorney

## CERTIFICATE OF COMPLIANCE

Pursuant to D. Mont. L.R. 7.1(d)(2) and CR 47.2, the attached Notice is proportionately spaced, has a typeface of 14 points or more, and the body contains 5,122 words.

/s/ Zeno B. Baucus
Assistant United States Attorney
Attorney for Plaintiff