IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 21-35-BLG-SPW |
| Plaintiff/Respondent, | |
| vs. | ORDER |
| ANGELO COREY STACKHOUSE, | |
| Defendant/Movant. | |

This matter is before the Court on Defendant/Movant Angleo Corey Stackhouse's motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. (Doc. 212.) Stackhouse is a federal prisoner proceeding pro se.

This Court engaged in a preliminary screening of Stackhouse's motion and determined that Claims 2, 3, and 4 appeared to be procedurally defaulted and, as pled, his ineffective assistance of counsel claim ("IAC"), Claim 1, failed to state a claim under the standards set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *See generally*, (Doc. 214.) Stackhouse was given 45 days within which to explain why Claims 2-4 should not be dismissed as unexhausted/procedurally

1

defaulted; he was also provided an opportunity to amend his IAC claim. (*Id.* at 11-12.) To date, Stackhouse has failed to respond.

**Failure to Prosecute/Comply with Court's Order**

Fed. R. Civ. P. 41(b) authorizes the Court to dismiss an action "[i]f the plaintiff fails to prosecute" the action or fails to comply with other Rules of the Court. *See also Applied Underwriters v. Lichtenegger*, 913 F. 3d 884, 889 (9th Cir. 2019)(citation omitted). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with the local rules. *See Ferdik v. Bonzelet*, 963 F. 2d 1258, 1260-61 (9th Cir. 1992)(dismissal for failure to comply with a court order to amend a complaint). The Court may dismiss a case on its own without awaiting a motion. *See Link v. Wabash Railroad Co.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F. 3d 683, 689 (9th Cir. 2005).

In determining whether one's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King,* 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan,* 779 F.2d 1421, 1423 (9th Cir.1986)). "The first two of these factors favor the imposition of

sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus, the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson,* 910 F.2d 652, 656 (9th Cir.1990).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F. 3d 983, 990 (9th Cir. 1999). Stackhouse has failed to comply with the Court's 6/17/25 order. This factor weighs in favor of dismissal.

Likewise, the second factor supports dismissal. "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan v. Galaza*, 291 F. 3d 639 (9th Cir. 2002). The Court cannot manage its docket if Stackhouse refuses to comply with the Court's orders. Stackhouse's case has consumed judicial resources and time that could have been better spent on other matters. This factor, therefore, also favors dismissal.

The third factor requires the Court to weigh the risk of prejudice to the Respondents. A rebuttable presumption of prejudice to respondents arises when a petitioner unreasonably delays prosecution of an action. *In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Nothing suggests that such a presumption is unwarranted, although it does not weigh strongly against Stackhouse in the present case.

The Court has considered less drastic alternatives. Alternatives may include

"allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel." *Nevijel v. North Coast Life Insurance Co.*, 651 F. 2d 671, 674 (9th Cir. 1981). Although less drastic alternatives to dismissal should be considered, the Court is not required to exhaust all such alternatives prior to dismissal. *Id.* Stackhouse was provided an adequate amount of time to file his response, but he failed to comply with the Court's order. Stackhouse was further advised that his failure to obey the court's order would result in dismissal. *See e.g.,* (Doc. 214 at 12.) Such a warning satisfies the considerations of the alternative requirement. *See Ferdik*, 963 F. 2d at 1262. Stackhouse had adequate warning that dismissal would result from his noncompliance. At this juncture, the Court can envision no further alternatives to dismissal.

The last factor weighs against dismissal because public policy favors disposition of cases on their merits. *Hernandez v. City of El Monte,* 138 F. 3d 393, 399 (9th Cir. 1998). But in light of the other four factors favoring dismissal, the weight of this factor is slight. No further resources of the Court will be expended. This matter will be dismissed based upon Stackhouse's failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

### Certificate of Appealability

A movant may appeal a district court's dismissal of a § 2255 motion only

4

after obtaining a certificate of appealability from the district court or the circuit court. 28 U.S.C. § 2253(c)(1)(B). "A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is satisfied if "jurists of reason could disagree with the district court's resolution of the constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)(*citing Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). Under this standard, Stackhouse is not entitled to a certificate of appealability. No reasonable jurist would find debatable Stackhouse has failed to prosecute his § 2255 Motion.

Accordingly, the Court enters the following:

### ORDER

1. Stackhouse's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Doc. 212) is DISMISSED based upon his failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

2. A certificate of appealability is DENIED. The clerk shall immediately process the appeal if Stackhouse files a Notice of Appeal.

3. The clerk shall ensure that all pending motions in this case and in CV 25-41-BLG-SPW are terminated and shall close the civil file by entering judgment in favor of the United States and against Stackhouse.

DATED this 19th day of August, 2025.

                                                _/s/ Susan P. Watters_
                                                Susan P. Watters
                                                United States District Court Judge